

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00192-CR

LUIS ALBERTO JARAMILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 66,477-C, Honorable Ana Estevez, Presiding

December 15, 2015

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Luis Alberto Jaramillo appeals his conviction for possession of a controlled substance in a drug free zone. Appellant's brief was due on October 12, 2015. Before this deadline, appellant filed a motion to extend the time to file his brief to November 12, 2015 and the court granted the motion. On November 9, 2015, appellant filed a second motion to extend the time to file his brief. The court granted an extension to December 3, 2015, but admonished appellant's counsel that failure to file a brief by December 3rd could result in the appeal being abated and the cause remanded to the

trial court for further proceedings under Texas Rule of Appellate Procedure 38.8(b)(2). On December 8, 2015, after the briefing deadline had passed, appellant filed a third motion for extension seeking until January 9, 2016 to file his brief. We deny appellant's motion.

Accordingly, we abate this appeal and remand the cause to the 251st District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1.   whether appellant desires to prosecute the appeal;

2.   whether appellant is indigent;

3.   why a timely appellate brief has not been filed on behalf of appellant;

4.   whether appellant has been denied the effective assistance of counsel due to counsel's failure to file a timely appellate brief. *See Ex parte Briggs,* 187 S.W.3d 458, 467 (Tex. Crim. App. 2005) (holding "a reasonably competent attorney--regardless of whether he is retained or appointed--must seek to advance his client's best defense in a reasonably competent manner"); and

5.   whether new counsel should be appointed; and

6.   if appellant desires to continue the appeal, the date the court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by January 14, 2016. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, and phone number of any new counsel appointed

2

shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before January 14, 2016.

It is so ordered.

Per Curiam

Do not publish.